By the Court.—Freedman, J.
If it be assumed, that, as the plaintiff contends, the door which fell on Cleary was sufficiently secure at the time that the defendant obtained from the plaintiff possession of the pier, and that the judgment recovered by Cleary in the United States Circuit Court against the plaintiff is no adjudication to the contrary, and if it be further assumed that the plaintiff, having been compelled to pay the said judgment, can call upon the defendant for indemnity in case Cleary’s injuries were the result of defendant’s negligence, it would be unreasonable, under the circumstances of this case, and especially in view of the testimony of Michael Hannon a witness called by the plaintiff, and who testified that two nights before the accident the said door was all right, to infer that the defendant during the short period of its possession negligently allowed the said door to become out of repair, and consequently the liability of the defendant to respond to the plaintiff would have to be found in a negligent *435 use made by the defendant of said door. But the evidence given at the trial shows that at the time of Cleary’s injuries the defendant was not using the door or pier in question, and that a Mobile SteamShip Company was, and for some days had been, in the possession and use of the pier. The mere fact that the latter company was there with the consent of the defendant, is not sufficient'to impose upon the defendant the liability sought to be fastened upon it in this action.
This conclusion having been reached upon the aspect of the case most favorable to the plaintiff, it is unnecessary to consider the other questions in the case. The defendant was entitled to a dismissal of the complaint upon plaintiff’s proof, and the specific reason assigned for the dismissal at the close of the evidence on both sides is immaterial.
Plaintiff’s exceptions should be overruled and judgment should be ordered for the defendant dismissing the complaint with costs.
O’Gorman, J., concurred.